NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TYRON COOLEY,

            Plaintiff-Appellant,

  v.

SERVICEMASTER COMPANY, LLC; et al.,

            Defendants-Appellees.

No.   23-15643

D.C. No.
2:20-cv-01382-MCE-DB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted February 9, 2024
San Francisco, California

Before:  R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

The sole issue on appeal is whether Plaintiff Tyron Cooley (Cooley) has standing.  The district court held that Cooley does not have statutory standing, dismissing his claims.  "We review [the] district court's dismissal for lack of standing de novo." *Barke v. Banks*, 25 F.4th 714, 718 (9th Cir. 2022).

1. Cooley sued his former employer, ServiceMaster Company, LLC

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(Appellees), in state court. Cooley brought several individual and representative employment-related claims, including individual and representative claims under the California Private Attorneys General Act (PAGA). Appellees removed to federal court under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453.

Cooley's employment with Appellees was subject to mandatory arbitration. Appellees thus moved to compel arbitration and stay proceedings in the district court, arguing Cooley needed to individually arbitrate most of his claims. *Cooley v. ServiceMaster Co. LLC, et al.*, No. 2:20-cv-01382, 2021 WL 3630489, at *1, *6 (E.D. Cal. Aug. 17, 2021). The district court agreed, granting Appellees' motion.

The district court maintained jurisdiction over the representative PAGA claim and stayed the case "pending resolution of Plaintiff's individual claims before the arbitrator."

2. In 2022, the Supreme Court decided *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022). *Viking River* held that PAGA claims are divisible into arbitrable individual claims and non-arbitrable representative claims. *Id.* at 1924–25. *Viking River* suggested that, where a plaintiff's individual claims were arbitrated, they were stripped of statutory standing to pursue their representative PAGA claims. *Id.* Accordingly, Appellees moved to dismiss for lack of statutory standing.

The district court agreed. On April 12, 2023, it dismissed Cooley's

representative PAGA claim, citing *Viking River*. The district court declined to stay the case until the California Supreme Court weighed in on statutory standing, an issue of state law.

3. Just three months later, the California Supreme Court issued *Adolph v. Uber Techs., Inc.*, 532 P.3d 682 (Cal. 2023). There the court considered "whether an aggrieved employee who has been compelled to arbitrate claims under PAGA that are 'premised on Labor Code violations actually sustained by' the plaintiff maintains statutory standing to pursue 'PAGA claims arising out of events involving other employees.'" *Adolph*, 532 P.3d at 686 (quoting *Viking River*, 142 S. Ct. at 1916). It held that a plaintiff does maintain statutory standing regarding representative claims because "an order compelling arbitration of the individual claims does not strip the plaintiff of standing as an aggrieved employee to litigate claims on behalf of other employees under PAGA." *Id.*

The interpretation of a state statute is an issue of state law. *See, e.g.*, *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017). And whether there is statutory standing is an issue of statutory interpretation. *See, e.g.*, *Bank of Am. Corp. v. City of Miami*, 581 U.S. 189, 197 (2017). Here, the California Supreme Court has told us that a plaintiff such as Cooley has statutory standing to bring representative PAGA claims, even after his individual PAGA claims are compelled to arbitration. We are bound by the California Supreme Court's

interpretation.  *See, e.g.*, *Bass v. County of Butte*, 458 F.3d 978, 981 (9th Cir. 2006) ("[W]e must determine what meaning the state's highest court would give to the law.").

4. We hold that Cooley has statutory standing to bring his representative PAGA claims.  *See Johnson v. Lowe's Home Ctrs., LLC*, No. 22-16486, 2024 WL 542830 (9th Cir. Feb. 12, 2024) (holding same).  Article III standing is a separate inquiry, however, and it is "a question of federal law, not state law." *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013).  It is an open question whether Cooley has constitutional standing to bring his representative PAGA claims.  *See Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 676–78 (9th Cir. 2021).  Because the district court did not consider Cooley's constitutional standing, we remand with instructions for the district court to consider this issue in the first instance.  If the district court determines that Cooley does not have constitutional standing, then this case must be remanded back to state court, where Cooley does have standing, under 28 U.S.C. § 1447(c).

**VACATED AND REMANDED for further proceedings consistent with this memorandum disposition.**